**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WOODROW MOORE ARMSTRONG,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:07cv547-RH/WCS**

**SGT. FITTJE, et al.,**

    **Defendants.**

                                **/**

### REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed a motion for a restraining order.  Doc. 5.

Plaintiff states in his motion only that he requests protection from the Court against

retaliation from the officers named in his civil rights complaint,[1] doc. 1.  Doc. 5, p. 1.

Plaintiff states that they will "get back" at him and will put him in danger and fear for his

life.  *Id.*  Plaintiff requests that this Court order his transfer.  *Id.*

Plaintiff has not presented sufficient factual details to support the granting of this

motion.  He has not shown any direct threats, he has not shown that he requested

protective custody and was denied, and he has not shown that efforts to protect his

---

[1] Plaintiff's complaint, doc. 1, has not yet been reviewed as he was just recently
granted leave to proceed *in forma pauperis* and directed to pay an initial partial filing
fee.  Doc. 7.  In light of this motion, a cursory review of the complaint has been made.

safety could not be made by prison officials.  As the motion is facially insufficient to

show that Plaintiff is in need of emergency treatment, it should be denied.

Granting or denying a preliminary injunction is a decision within the discretion of

the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d

1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th

Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

> (1) a substantial likelihood of success on the merits;

> (2) a substantial threat of irreparable injury if the injunction were not granted;

> (3) that the threatened injury to the plaintiffs outweighs the harm an
> injunction may cause the defendant; and

> (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112

F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

A preliminary injunction is an extraordinary and drastic remedy and should not be

granted unless the movant "clearly carries the burden of persuasion" of all four

prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519,

*citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Here, Plaintiff has not shown a substantial threat of irreparable injury.

Furthermore, should Plaintiff's fears of harm be realized, and should Plaintiff be able to

prove that Defendants acted in retaliation for Plaintiff having filed the case at bar,

Plaintiff would be able to recover damages under 42 U.S.C. § 1983.  Because Plaintiff

has an adequate remedy at law should fears and threats become reality, there cannot

be a finding of irreparable injury.  The unavailability of an adequate remedy at law is

essentially a prerequisite to a finding of irreparable injury.  Jefferson County, 720 F.2d

at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief

will be available at a later date, in the ordinary course of litigation, weighs heavily

against a claim of irreparable harm."); see Lewis v. S. S. Baune, 534 F.2d 1115, 1124

(5th Cir. 1976).  Thus, failing to issue an injunction in this case would not constitute a

"substantial threat of irreparable injury."

Another reason to deny the motion is that the complaint, doc. 1, has been

reviewed and it, too, is insufficient.  A more thorough review of the complaint must await

receipt of Plaintiff's initial partial filing fee as assessed on January 28, 2008, see doc. 7,

but Plaintiff has presented too many factual allegations and no numbered paragraphs.

Thus, the complaint fails to comply with Federal Rule of Civil Procedure 10(b).

Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the

contents of which shall be limited as far as practicable to a statement of a single set of

circumstances."  Fed. R. Civ. P. 10(b).  In its present form, the allegations of Plaintiff's

complaint could not be appropriately responded to by the Defendants.  Nevertheless,

Plaintiff will not yet be ordered to submit an amended complaint as the Court must await

receipt of the initial partial filing fee.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion

for a restraining order, doc. 5, be **DENIED** as facially insufficient, and the case be

**REMANDED** for further proceedings, including requiring Plaintiff to file an amended

complaint.

**IN CHAMBERS** at Tallahassee, Florida, on February 1, 2008.


      s/      William C. Sherrill, Jr.
     **WILLIAM C. SHERRILL, JR.**
     **UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**